UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :
                                  :   **ORDER**
         - v. -                   :
                                  :   23 Cr. 193 (CS)
RIDON KOLA,                       :
                                  :
                    Defendant.    :
                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, pursuant to 18 U.S.C. § 4241(d) and the Court's order dated January 9, 2024 (Dkt. 17), the Court ordered defendant RIDON KOLA to be committed to the custody of the Attorney General of the United States and hospitalized in a Bureau of Prisons ("BOP") Federal Medical Center ("FMC") for treatment in a suitable facility, under 18 U.S.C. §§ 4241(d) and 4247(a)(2), for a reasonable period of time, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit criminal proceedings to go forward against him;

WHEREAS such four-month period for the defendant's commitment pursuant to 18 U.S.C. § 4241(d)(1) (the "Restoration Period") commenced only after space within a BOP FMC became available and therefore began upon the defendant's eventual arrival at FMC Devens on June 6, 2024;

WHEREAS FMC Devens requested, via a letter to the Court dated October 4, 2024, a 90-day extension of the Restoration Period in light of the defendant's then-recent improvement in mental status with the benefit of antipsychotic and mood stabilizing medications, and to further optimize and increase medication treatment and consider alternate medication treatments if no

further improvement in the defendant's mental status is achieved (*see* Oct. 4, 2024 FMC Devens Ltr.);

WHEREAS on October 21, 2024, the Court granted the 90-day extension request of FMC Devens with the consent of the Government and defense counsel (*see* Oct. 21, 2024 Court Endorsement of Oct. 4, 2024 FMC Devens Ltr.);

WHEREAS on or about January 30, 2025, as required under 18 U.S.C. §§ 4247(c)(1), (2), (3), and (4)(A) and the Court's January 9, 2024 order (Dkt. 17), FMC Devens submitted to the Court a report, dated January 17, 2025, of its findings with an ultimate prognosis and recommendation as follows:

> Based on the available evidence, Mr. Kola continues to experience symptoms that negatively impact his competence to stand trial. There is no indication that Mr. Kola had ever achieved remittance of his psychotic symptoms since the start of his illness. With the benefit of psychiatric treatment, Mr. Kola has evidenced significant improvement in his mood and behavior. However, Mr. Kola has failed to exhibit any notable improvement in his conspiratorial delusional beliefs psychotic thinking. While it is theoretically possible Mr. Kola could be restored to competency if he takes appropriate antipsychotic medication for a long enough period of time, in light of his poor response to date it is unlikely psychotropic medication would help him to become competent in the foreseeable future.

WHEREAS the Court has ordered an evidentiary hearing to be held on July 22, 2025 at 10:15 a.m. to determine, in part, whether, pursuant to 18 U.S.C. § 4241(d)(2)(A), to direct an additional period of hospitalization of the defendant based on a finding that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward;

WHEREAS such evidentiary hearing will necessarily include testimony by BOP personnel at FMC Devens and an assessment by the Court of the foregoing prognosis and

recommendation of FMC Devens, including the conclusion that "it is unlikely psychotropic medication would help [the defendant] to become competent in the foreseeable future";

WHEREAS an additional evaluation of the defendant by FMC Devens since the last evaluation conducted on December 19, 2024 and a further updated, supplemental report based on such additional evaluation would further inform and assist the Court in its assessment of the foregoing prognosis and recommendation and its determination of whether there is a substantial probability that within such additional period of time the defendant will attain the capacity to permit the proceedings to go forward; and

WHEREAS such additional evaluation and further updated, supplemental report may obviate the need for testimony by BOP personnel at an evidentiary hearing,

IT IS HEREBY ORDERED, with the consent of the Government and counsel for the defendant, that FMC Devens shall conduct an additional evaluation of the defendant and submit to the Court an updated, supplemental report regarding the defendant's current mental status, competency, and probability of attaining competency; and it is further

ORDERED, with the consent of the Government and counsel for the defendant, that such updated, supplemental report by FMC Devens shall also address—in addition to the defendant's current mental status, competency, and probability of attaining competency—the following, in detail, with respect to the defendant:   (1) what medication and treatment regimens have been tried, (2) what other medication and treatment regimens are available for the defendant,

(continued on next page)

considering his current condition and diagnosis, and (3) if other medication and treatment regimens are available but have not been tried, the reason for why they have not been tried; and it is further

ORDERED that FMC Devens shall submit to the Court such updated, supplemental report by June 4, 2025.

DATED: April 24, 2025
White Plains, New York

_____
THE HONORABLE CATHY SEIBEL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK