**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

September 9, 2026

**BY ECF AND EMAIL**
**(Attached Exhibit Under Seal)**

The Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Re: *United States* v. *Ridon Kola*, 23 Cr. 193 (CS)**

Dear Judge Seibel:

The Government respectfully submits this joint letter on behalf of the parties to adjourn the status conference currently scheduled for September 10, 2026 at 10:15 a.m. in the above-referenced case and to provide an update to the Court on the status of the defendant, the additional competency evaluation requested by the Government with consent of the defense and subsequently ordered by the Court, (*see* 11/17/25 Order (ECF No. 33), and any potential resolution of the case..

As the parties previously informed the Court, Dr. Cheryl Paradis was retained to conduct the competency evaluation of the defendant, which involved in-person examination of the defendant as well as review of the defendant's voluminous medical records documenting his lengthy history of inpatient and outpatient care and treatment, including prior reports of competency evaluations conducted by the Bureau of Prisons. (*See* 4/25/26 Joint Letter Motion and Update (ECF No. 43)). Dr. Paradis issued a lengthy report on July 4, 2026 which ultimately concluded that the defendant is not competent to stand trial. Upon review of the report, the Government requested, with the consent of the defense, that Dr. Paradis amend the report to address any limited competency of the defendant to enter into a resolution that may lead to the dismissal of charges after continued compliance with the current supervised release conditions imposed, including those related to the defendant's mental health. Dr. Paradis issued a revised report on July, 26, 2026 (the "Revised Report") that further opined that even if the defendant remains incompetent to proceed to trial, he would likely be competent to enter into a deferred prosecution agreement and set forth the bases for such an opinion.[1]

In light of Dr. Paradis's Revised Report, the parties are engaged in discussions regarding a potential resolution of the case via a deferred prosecution agreement. More time is needed, however, to obtain necessary input and the requisite approvals regarding proposed terms. Accordingly, the parties jointly request an approximately 30-day adjournment of the September

[1] The Revised Report is attached hereto as Exhibit A, which the parties respectfully request to submit under seal in light of the detailed medical and other personal information of the defendant's discussed therein.

10 status conference. The defendant continues to comply with the conditions of his release, including with conditions regarding medical treatment necessary for his mental health and continued stability.

Finally, the Government respectfully requests, with the consent of defense, that time in this matter continue to be excluded under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(4), due to the period of delay resulting from the fact that the defendant has been deemed mentally incompetent.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney
Southern District of New York

By: */s/ Kevin Sullivan*
Kevin Sullivan
Assistant United States Attorney
(212) 637-1587

cc: James Roth, Esq. (by ECF & Email)

Conference adjourned to 10/14/26 at 2:30 pm. (If another adjournment is requested in the future, which I hope it will not be, please do not wait until the day before.) The time between now and 10/14/26 is hereby excluded under the Speedy Trial Act, pursuant to 18 USC 3161(h)(4), as a period of delay resulting from Defendant having been found to be mentally incompetent, or in the alternative under 18 USC 3161(h)(7) in the interests of justice, in that the ends of justice served by the exclusion outweigh the best interest of the public and the defendant in a speedy trial, because it will enable the parties to continue discussing a possible disposition.

SO ORDERED.

Cathy Seibel

CATHY SEIBEL, U.S.D.J.

9/9/26